THE ANNIE S. COOPER.

UNITED STATES *v.* THE ANNIE S. COOPER.

(*District Court, E. D. Louisiana.*  December 15, 1891.)

SHIPPING REGULATIONS—LIGHTS—TOWING LOG-RAFT.

Rev. St. U. S. § 4233, rule 4, providing that "steam-vessels, when towing other vessels, shall carry two bright white mast-head lights vertically, in addition to their side-lights, so as to distinguish them from other steam-vessels," applies to a steam-tug towing a raft of logs, though such raft may not come strictly within Rev. St. U. S. § 3, declaring that "the word 'vessel' includes every description of water-craft or other artificial contrivance used, or capable of being used, as a means of transportation on water."

In Admiralty.    Libel of information against the steam-tug Annie S. Cooper for failure to carry the lights required by law while towing a log-raft.    Libel dismissed.

*C. S. Rice*, for claimant.
*Wm. Grant*, for the United States.

BILLINGS, J. A libel of information has been filed against this steam-tug for not carrying the lights required by law, viz., rule 7. It is not charged that she had not the lights required by the statute for a steam-tug which had in tow a vessel, viz., rule 4, hereinafter set forth. It is charged that she had in tow a raft of logs, and not a vessel. The question, therefore, is narrowed down to this: Under section 4233 of the Revised Statutes, does rule 4 of that section include a steam-tug towing a raft of logs? That rule is as follows: "Rule 4. Steam-vessels, when towing other vessels, shall carry two bright white mast-head lights vertically, in addition to their side-lights, so as to distinguish them from other steam-vessels." The first question presented is whether, under rule 4, a raft of logs is a vessel. Section 3 of the Revised Statutes (1873) thus describes vessels: "The word 'vessel' includes every description of water-craft or other artificial contrivance used or capable of being used as a means of transportation on water." A raft of logs is a contrivance whereby the logs themselves are kept together, and thus made capable of being transported. They are not the means, and the whole structure is not a means of transporting anything but the things which make up the structure. Therefore a raft of logs might not be strictly a vessel. But, in interpreting a rule, we must look at the reason of the rule. The object of the rule was to require steam-tugs having things in tow to carry certain lights to enable all other vessels to know that they were not steam-vessels without tows. The different light is required of the steam-tug having something in tow to enable all vessels to keep out of the way of the tows. Steam-tugs having rafts in tow are not, by the statute and rules, distinguished from other steam-vessels, unless they are meant to be included within the scope of this rule. Can it make any difference with the danger to other vessels whether the tow is technically a vessel or a raft of logs? Clearly not. The reason of the rule makes it include vessels and rafts of logs, or anything else which steam-tugs are wont to tow. In my opinion, a steam-tug, while towing a raft of logs, as to lights, is governed by rule 4, and not by rule 7. I think, therefore, the exception to the libel is well founded, and should be maintained. Let the libel be dismissed.